In re HEYMAN.

(District Court, S. D. New York. November 2, 1900.)

BANKRUPTCY—RIGHT TO DISCHARGE—FICTITIOUS MORTGAGE.

The bankrupt, a woman, scheduled a debt to her sister for $3,000 for borrowed money, secured by mortgage on the bankrupt's household effects and paintings. The sister did not prove her debt, and on a contested application for discharge the only testimony to support the validity of the mortgage was that of the bankrupt herself, from which it appeared that at the time it was claimed the loans were made the sister was an orphan, unmarried, and but 18 or 20 years of age, who had inherited no property, and had no business or occupation or apparent means, and who lived for the most part with her brothers or sisters. Her testimony was not taken by the bankrupt, although there was full opportunity, and the creditors were unable to obtain service of a subpœna upon her. *Held*, that on such testimony the mortgage must be regarded as fictitious, and a discharge refused.

In Bankruptcy.

Robert L. Turk, for bankrupt.
Charles Strauss, for opposing creditors.

BROWN, District Judge. I must withhold discharge in this case. The bankrupt's testimony presents so improbable a story, and is so destitute of any corroborating circumstance whatever, that I cannot resist the conviction that the alleged debt of $3,000 for moneys loaned by the sister is largely, if not wholly, fictitious. The schedules state this debt as accruing on February 26, 1898. The bankrupt says that it was made up of sums of $50 to $100 loaned at various times during a year or two preceding. The sister was unmarried and at that time was only from 18 to 20 years of age. Her father and mother were dead and left her no property. She had no business and was earning nothing. No apparent means of hers are shown. The bankrupt could give no further particulars. The greatest efforts were made by the creditors to procure the attendance of the sister as a witness— all unsuccessful. Unfortunately she died in July, 1899, but until within a few weeks before that she might have been produced by the bankrupt and would have been subpœnaed by the creditors if she could have been found. She lived at various places, mostly with her brothers and sisters, from time to time. She did not prove the debt in bankruptcy. The mortgage given for it was upon the household furniture, paintings and effects of the bankrupt. I cannot conceive that a jury, upon the testimony given, would credit the bankrupt's story or uphold the mortgage as a bona fide transaction. The necessary inference is that it was given to shield the bankrupt's valuable household effects from creditors.